UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
KISHA SEASE,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-850-FB

*Appearances*:
*For the Plaintiff*:
CHRISTOPHER J. BOWES, ESQ.
54 Cobblestone Drive
Shoreham, NY 11786

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
By: DARA OLDS, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Kisha Sease seeks review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Both parties move for judgment on the pleadings. For the reasons stated below, Sease's motion is granted, the Commissioner's motion is denied, and the case is remanded for reevaluation of Sease's treating physician's opinion and ability to take public transportation.

A.     **Procedural Background**

Sease filed for DIB and SSI benefits on March 3, 2014. She alleged that she became disabled on June 1, 2010, due to bipolar disorder, borderline personality disorder, anxiety, and psychotic breaks. Her application was denied, and she requested a hearing before an ALJ. After the hearing, ALJ Jason A. Miller ruled on September 13, 2016 that Sease was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ determined that (1) Sease had not engaged in any substantial gainful activity since June 1, 2010; (2) Sease's high blood pressure, bipolar disorder, post-traumatic stress disorder ("PTSD"), and cannabis use disorder were severe impairments; but (3) Sease's impairments did not meet the severity of any presumptively disabling impairments. The ALJ determined that Sease had the RFC to perform a full range of work at all exertional levels, except that Sease was

---

[1] Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines

> (1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in [her] prior type of work, [and] (5) there is not another type of work the claimant can do.

*See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)–(f)). The burden of proof is on the claimant for the first four steps, but it shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

limited to: "low-stress work environments, which require no judgments or decision-making with regard to executive, managerial, fiscal, and personnel-related matters, and which require only occasional changes in a routine work setting. Lastly, she can only occasionally interact with the general public, co-workers, and supervisors." AR 15. Applying this RFC, the ALJ determined that (4) Sease was not able to perform her past relevant work. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Sease could perform. The ALJ, therefore, concluded that Sease was not disabled during the relevant period. The Appeals Council declined review on December 4, 2017. Sease timely sought judicial review.

## B.    Medical Source Evidence

The record contains varied, conflicting opinions from many sources. Two sources—treating physician Parvesh Sharma and one-time examining physician Anuja Reddy—opined that Sease suffered from mental impairments that prevent her from being able to work. One source—State Agency psychological consultant Sandra Banks —opined that Sease was able to work with some limitations.

Dr. Sharma's opinion was given little weight. After treating Sease for approximately eight months, Dr. Sharma opined that Sease has difficulty focusing and getting along with others, and showed limited insight. Dr. Reddy's opinion was given some weight. After examining Sease one time, Dr. Reddy concluded that Sease struggles relating to co-workers and accepting supervision, and requires a

companion to travel to appointments. Dr. Banks's opinion was given some weight. Dr. Banks found that Sease's only limitations were in getting along with others, accepting instructions, responding to changes in the work place, and working with the public. Dr. Banks never met Sease.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If contradictions appear in the record and an ALJ fails to reasonably explain why he or she opted for one interpretation over another, the Commissioner's findings cannot stand. *See, e.g.*, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

### A. The Treating Physician Rule

The treating physician rule dictates that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). If the ALJ does not give a treating physician's opinion controlling weight, he or she must provide "good reasons for the weight given to [that] opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004) (internal quotation marks omitted). When ALJs have not provided good reasons, reviewing courts "do not hesitate to remand." *Id.* at 33.

"The ALJ is not permitted to substitute his [or her] own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Further, "[i]f an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Hartnett v. Apfel,* 21 F.Supp.2d 217, 221 (E.D.N.Y.1998)). However, an ALJ need not give controlling weight to a treating physician's opinion on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2)–(3).

Here, the ALJ failed to give controlling weight to Sease's treating physician. The ALJ found that Sease was only limited to a low-stress work environment, with limited decision making required, and occasional changes in routine and interactions with the public, co-workers and supervisors. Dr. Sharma, however, opined that Sease could not make occupational adjustments, such as responding to supervisors and

handling customary work pressures. Dr. Sharma further opined that Sease has marked limitations interacting appropriately and communicating effectively with others, and that she displays poor decision making with trouble understanding and executing short and simple instructions. The ALJ was required to give controlling weight to Dr. Sharma, unless he offered good reasons.

The ALJ stated that he gave Dr. Sharma's opinion little weight because the treatment lasted only eight months,[2] his findings as to Sease's attention and concentration were unsupported, and "none of the claimant's subjective allegations, GAF score assessments, or mental status examination findings, suggest the presence of any 'marked' limitation" AR 20.[3] Further, the ALJ found that opinions in the record "suggest a different conclusion" than Dr. Sharma's opinion. AR 20.

---

[2] The ALJ discounted Dr. Sharma's opinion because it occurred over an eight-month period during which Sease was seen four times. While there is no set amount of time a physician must treat a patient before controlling weight is proper, "the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(c)(2)(i). The ALJ is not required to give Dr. Sharma as much weight as the ALJ would a treating opinion formed over years. However, Dr. Sharma's four visits certainly provide more insight into Sease's mental limitations than Dr. Reddy's visit and Dr. Bank's lack of visits.

[3] The parties dispute the significance of the GAF score assessments. As the Court is remanding on other bases, it will not address these arguments substantively. *See Estrella v. Berryhill*, 925 F.3d 90, 97 (2019) (finding that because claimant's GAF scores were "bereft of any explanation" for assigning such score, and because the scores were unsupported by the treating physician's conclusions, the GAF scores were not "good reasons" for discounting weight assigned to a treating physician).

The Second Circuit recently provided additional guidance for the treating physician rule when dealing with mental impairments:

> [D]octors who have not treated or examined a patient are generally entitled to less deference. . . . The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.

*Flynn v. Comm'r of Soc. Sec.Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

Sease has an extensive history of being suicidal, anxious, and incapable of functioning independently in public. Sease's history shows a chronic inability to maintain housing and employment. In April 2014, Dr. Banks reviewed Sease's medical evidence. This was before Dr. Sharma treated Sease. Moreover, Dr. Banks never reviewed Dr. David Herszenson's 2016 treatment notes, which show Sease reported depressed and hopeless feelings, ongoing fatigue, and trouble controlling her worrying. Dr. Banks only found limitations in Sease's ability to interact with others, respond to work changes, and accept instructions. In considering this opinion, the ALJ found Sease to be more limited than Dr. Banks opined.

The ALJ gave Dr. Banks more weight than Dr. Sharma, in part, because Dr. Sharma's assessment of Sease's attention and concentration at treatment sessions was inconsistent with Dr. Sharma's conclusion that Sease has marked limitations in attention and concentration for work functions. Dr. Sharma's finding that Sease's attention and concentration at treatment sessions would differ from her

ability to concentrate in a work setting is within his purview as a treating physician, and outside the expertise of the ALJ. *See Wagner v. Secretary of Health and Human Servs.,* 906 F.2d 856, 862 (2d Cir. 1990) (finding that, while treating physician opinions are subject to attack, "a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion"); *Rolon v. Comm'r of Soc. Sec.*, 994 F.Supp.2d 496, 504 (S.D.N.Y. 2014) ("A perceived internal inconsistency about a critical finding is a conflict or ambiguity which requires the ALJ to further develop the record by seeking additional evidence or clarification from the treating physician."). The opinions of Dr. Reddy and Dr. Banks regarding Sease's ability to concentrate are not "overwhelmingly compelling" as to overcome a treating physician's opinion formed over a longer term of treatment. *Wagner*, 906 F.2d at 862; *See also Cabreja v. Colvin*, No. 14-CV-4658 (VSB), 2015 WL 6503824, at *30 (S.D.N.Y. Oct. 27, 2015) ("[I]t is presumed that in a conflict of views between a treating doctor and a onetime consultant, the conflict should be resolved in favor of the treating physician.").

Further, Dr. Sharma's opinion is supported by treatment notes in the record. It is consistent with Dr. Herseznson's 2016 treatment notes, which document Sease's reports of severe mental anguish, and his 2011 and 2012 treatment notes, which document Sease's reports of depression and suicidal ideations. LCSW Christine

Kotlarski's 2012 and 2013 treatment notes show Sease being suicidal, irritable, experiencing hallucinations, and exhibiting impaired insight. Dr. Alexander Jerev's 2014 treatment notes show that Sease continued to experience suicidal ideations.

Sease's hearing testimony also supports Dr. Sharma's opinion. She testified that her mental impairments cause "really good days and then [] really [] bad days." AR 53. She also testified that she struggles travelling in public independently, she suffers from panic attacks, and she cannot leave her home after noon.

The Court concludes that Dr. Sharma's opinion is consistent with Sease's testimony and treatment notes. Because the ALJ improperly weighed the medical opinions and substituted his own expertise, the Court must remand this case.

## B. Public Transportation

Sease also contends that her inability to use public transportation independently supports a finding of disability. Sease testified that the last time she used public transportation independently was no later than May 2015, and that occurrence resulted in an anxiety attack. Additionally, Sease testified that her friend drove her to work during her brief stint of employment in 2015. When her friend could not take her, Sease would skip work that day. In 2016, Dr. Reddy found that Sease needed a companion to travel to appointments. It is hard to imagine how Sease could maintain employment if she requires a companion to join her commute. Because the Court is remanding for reconsideration of the medical opinions, the

Court orders the ALJ to explicitly determine when Sease's need for a companion began and how her inability to use public transportation impacts her employability. *See Grubb v. Chater*, 992 F.Supp. 634, 640 (S.D.N.Y. 1998) (reversing where "the ALJ made no findings with respect to the implications of plaintiff's inability to use public transportation on her ability to obtain substantial, gainful employment.").

### III

Sease's motion is GRANTED, Commissioner's motion is DENIED, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
    September  27 , 2019